# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

NISSENBAUM LAW GROUP, LLC
2400 Morris Avenue, Suite 301
Union, New Jersey 07083
(908) 686-8000
Steven L. Procaccini, Esq. (SP-1044)
sp@gdnlaw.com
*Attorneys for Responding Defendants World Mission Society*
*Church of God, a NJ Nonprofit Corporation; Dong Il Lee;*
*Bong Hee Lee; Tara Whalen; Richard Whalen;*
*Victor Lozada; Big Shine Worldwide, Inc.;*
*Albright Electric, LLC; and Lincoln Grill & Café*
*Limited Liability Company*

| | |
|---|---|
| MICHELLE RAMIREZ, a New Jersey resident;<br><br>                     Plaintiff,<br><br>     v.<br><br>WORLD MISSION SOCIETY, CHURCH OF GOD A NJ Nonprofit Corporation; WORLD MISSION SOCIETY CHURCH OF GOD, a South Korean corporation; GIL JAH CHANG, a.k.a. Gil Jah Zhang, a South Korean resident; JOO CHEOL KIM, a South Korean resident; DONG IL LEE, a.k.a. Daniel Lee, a New Jersey resident; BONG HEE LEE a.k.a. Bong Hee Kim, a New Jersey resident; TARA WHALEN, a.k.a. Tara Byrne, a NJ resident; RICHARD WHALEN, a New Jersey resident, VICTOR LOZADA, a New Jersey resident, BIG SHINE WORLDWIDE, INC., a New Jersey corporation; ALBRIGHT ELECTRIC LLC, a New Jersey limited liability company; and LINCOLN GRILL & CAFÉ LIMITED LIABILITY COMPANY, a New Jersey limited liability company,<br><br>                  Responding Defendants. | Civil Action No. 2:14-cv-01708 (ES)(MAH)<br><br><br>**ANSWER AND AFFIRMATIVE DEFENSES TO PLAINITFF'S SECOND AMENDED COMPLAINT** |

Responding Defendants World Mission Society, Church of God A NJ Nonprofit

Corporation ("**WMSCOGNJ**"); Dong Il Lee; Bong Hee Lee; Tara Whalen; Richard Whalen;

Victor Lozada; Big Shine Worldwide, Inc.; Albright Electric, LLC; and Lincoln Grill & Café Limited Liability Company (collectively "**Responding Defendants**") hereby file their Answer and Affirmative Defenses to the April 24, 2015 Second Amended Complaint of plaintiff Michelle Ramirez ("**Plaintiff**") in the above captioned matter as follows:

## LOCAL RULE 10.1 STATEMENT

1. To the best of Responding Defendants' knowledge the mailing addresses of the parties in this case are as follows:

**PLAINTIFF**

MICHELLE RAMIREZ
195 Sunnyside Avenue
Brooklyn, NY 11207

**RESPONDING DEFENDANTS**

WORLD MISSION SOCIETY, CHURCH OF GOD A NJ NONPROFIT
CORPORATION
305 Godwin Avenue
Ridgewood, NJ  07450

DONG IL LEE
880 Jackson Avenue
New Windsor, NY 12553

BONG HEE LEE
880 Jackson Avenue
New Windsor, NY 12553

TARA BYRNE
11 Dana Drive
Monroe, NY 10950

RICHARD WHALEN
11 Dana Drive
Monroe, NY 10950

VICTOR LOZADA
882 Jackson Avenue
New Windsor, NY 12553

2

BIG SHINE WORLDWIDE, INC.
121 Executive Drive
New Windsor, NY 12553

ALBRIGHT ELECTRIC LLC
11 Harristown Rd #104
Glen Rock, NJ 07452

LINCOLN GRILL & CAFÉ LIMITED LIABILITY COMPANY
115 Lincoln Avenue
Fair Lawn, NJ 07410

WORLD MISSION SOCIETY, CHURCH OF GOD
5-1 Sunae 1(il)-dong
Bundang-gu, Seongnamsi
Gyeonggi-do, South Korea

GIL JAH ZHANG
5-1 Sunae 1(il)-dong
Bundang-gu, Seongnamsi
Gyeonggi-do, South Korea

JOO CHEOL KIM
5-1 Sunae 1(il)-dong
Bundang-gu, Seongnamsi
Gyeonggi-do, South Korea

## **INTRODUCTION**

2.      Denied, except to the extent that Responding Defendants are without sufficient knowledge to admit or deny the allegations in this paragraph concerning the relation to WMSCOGNJ because it is not clear what is meant by "related to."

3.      Denied.

4.      Denied.

5.      The allegations of this paragraph do not necessitate a response as they call for a legal conclusion. Notwithstanding the foregoing, Responding Defendants deny that Plaintiff is entitled to damages.

## PARTIES

**Plaintiff**

6.      Responding Defendants are without sufficient knowledge or information to admit or deny the allegations in this paragraph of Plaintiff's Complaint.

**Corporate Responding Defendants**

7.      Admitted.

8.      Admitted.

9.      The allegations of this paragraph are denied except, it is admitted that Big Shine Worldwide, Inc. ("**Big Shine**") is a corporation which sells electronic goods and services.

10.     The allegations of this paragraph are denied except, it is admitted that Albright Electric, LLC ("**Albright**") is a limited liability company.

11.     Admitted.

**Natural Person Responding Defendants**

12.     Admitted, except to the extent that it is not clear what is meant by "leaders" and "all of World Mission." Further, Responding Defendants are without sufficient knowledge to admit or deny whether she is a resident of South Korea, insofar as residency calls for a legal conclusion.

13.     Admitted, except to the extent that it is not clear what is meant by "all of World Mission." Further, Responding Defendants are without sufficient knowledge to admit or deny whether he is a resident of South Korea, insofar as residency calls for a legal conclusion.

4

14. Denied, except it is admitted that Dong Il Lee is the Pastor of WMSCOGNJ, the Vice-President of WMSCOGNJ, the husband of Bong Lee and the owner of Big Shine.

15. Denied, except it is admitted that Bong Hee Lee is the wife of Defendant Pastor Lee and the treasurer for WMSCOGNJ.

16. Denied, except it is admitted that Tara Byrne is a Missionary for WMSCOGNJ and is the wife of Richard Whalen.

17. Denied, except it is admitted that Richard Whalen is a Missionary for WMSCOGNJ, the husband of Tara Byrne and the owner of Albright.

18. Admitted, however Responding Defendants aver that Victor Lozada has a residence in New Windsor, New York as well.

## JURISDICTION AND VENUE

### Subject Matter Jurisdiction

19. Responding Defendants are without sufficient knowledge or information to admit or deny the allegations in this paragraph of Plaintiff's Complaint.

20. Denied.

21. Responding Defendants are without sufficient knowledge and information to admit or deny the allegations in this paragraph because the allegations of this paragraph call for a legal conclusion.

22. Denied.

23. Responding Defendants are without sufficient knowledge and information to admit or deny the allegations in this paragraph because the allegations of this paragraph call for a legal conclusion.

**Personal Jurisdiction / Corporate Responding Defendants**

24.     Responding Defendants are without sufficient knowledge and information to admit or deny the allegations in this paragraph because the allegations of this paragraph call for a legal conclusion.

25.     Denied.

26.     Responding Defendants are without sufficient knowledge and information to admit or deny the allegations in this paragraph because the allegations of this paragraph call for a legal conclusion.

27.     Responding Defendants are without sufficient knowledge and information to admit or deny the allegations in this paragraph because the allegations of this paragraph call for a legal conclusion.

28.     Responding Defendants are without sufficient knowledge and information to admit or deny the allegations in this paragraph because the allegations of this paragraph call for a legal conclusion.

**Personal Jurisdiction / Natural Person Responding Defendants**

29.     Denied.

30.     Denied.

31.     Responding Defendants are without sufficient knowledge and information to admit or deny the allegations in this paragraph because the allegations of this paragraph call for a legal conclusion.

32.     Responding Defendants are without sufficient knowledge and information to admit or deny the allegations in this paragraph because the allegations of this paragraph call for a legal conclusion.

33.     Responding Defendants are without sufficient knowledge and information to admit or deny the allegations in this paragraph because the allegations of this paragraph call for a legal conclusion.

34.     Responding Defendants are without sufficient knowledge and information to admit or deny the allegations in this paragraph because the allegations of this paragraph call for a legal conclusion.

35.     Responding Defendants are without sufficient knowledge and information to admit or deny the allegations in this paragraph because the allegations of this paragraph call for a legal conclusion.

**<u>Venue</u>**

36.     Responding Defendants are without sufficient knowledge to admit or deny the allegations in this paragraph because it is not clear what is meant by "claims."

37.     Denied except as to defendants WMSCOGNJ, Big Shine, Albright and Lincoln Grill.

38.     Responding Defendants are without sufficient knowledge and information to admit or deny the allegations in this paragraph because the allegations of this paragraph call for a legal conclusion.

39.     Responding Defendants are without sufficient knowledge and information to admit or deny the allegations in this paragraph because the allegations of this paragraph call for a legal conclusion.

## STATUS OF THE WORLD MISSION ENTERPRISE AS A "RELIGION"

40.   Responding Defendants are without sufficient knowledge to admit or deny the allegations in this paragraph of Plaintiff's Complaint because it is not clear what is meant by "claims to be."

41.   Responding Defendants are without sufficient knowledge to admit or deny the allegations in this paragraph of Plaintiff's Complaint because it is not clear what is meant by "claims to be."

42.   Denied.

43.   Denied, except that the WMSCOGNJ has obtained tax exempt status from the IRS.

44.   Responding Defendants are without knowledge or information sufficient to form a belief as to the allegations of this Paragraph.

45.   Responding Defendants are without sufficient knowledge and information to admit or deny the allegations in this paragraph because the allegations of this paragraph call for a legal conclusion.

46.   Denied.

47.   Denied.

48.   Denied.

49.   Denied.

50.   Denied.

51.   Denied.

52.   Denied.

53.   Denied.

54.   Denied.

## <u>ALLEGATIONS APPLICABLE TO ALL COUNTS</u>

55.   Denied, except that it is admitted that Plaintiff voluntarily joined the Church in 2006.

56.   Admitted.

57.   Denied.

58.   Denied.

59.   Responding Defendants are without knowledge or information sufficient to form a belief as to the allegations of this Paragraph, insofar as the allegation that it is "not a nonprofit corporation, society or association organized exclusively for religious, charitable or educational purposes" calls for a legal conclusion.

60.   Denied.

61.   Denied.

62.   Denied.

63.   Denied.

64.   Denied.

## ALLEGATIONS RELATING TO COERCIVE PERSUASION

65. Denied, except that Yvanne Rivera invited Plaintiff to WMSCOGNJ.

66. Responding Defendants are without sufficient knowledge or information to admit or deny the allegations in this paragraph of Plaintiff's Complaint. Plaintiff is left to its proofs.

67. Denied.

68. Denied.

69. Denied.

70. Denied.

## ALLEGATIONS RELATING TO COERCED ABORTION

71. Denied.

72. Denied.

73. Denied.

74. Denied.

75. Responding Defendants are without sufficient knowledge to admit or deny the allegations in this paragraph of Plaintiff's Complaint. Plaintiff is left to its proofs.

76. Denied.

77. Denied.

## CLAIMS FOR RELIEF

## CAUSE OF ACTION #1 [1]

## INTENTIONAL FRAUD BASED ON FALSE REPRESENTATIONS

### (Arising out of False Representations That Donations Would Be Used for Charitable Purposes When In Fact They Were Misappropriated for Use by Private Individuals and Private Entities)

### (Against World Mission South Korea, World Mission New Jersey, Chang, Kim, Pastor Lee, Bong Lee, and Lincoln Grill)

78.    Responding Defendants repeat the responses to the allegations of the Complaint as set forth above.

79.    Responding Defendants are without sufficient knowledge to admit or deny the allegations in this paragraph of Plaintiff's Complaint.

80.    Responding Defendants are without sufficient knowledge to admit or deny the allegations in this paragraph of Plaintiff's Complaint.

81.    Responding Defendants are without sufficient knowledge to admit or deny the allegations in this paragraph of Plaintiff's Complaint.

82.    Denied.

83.    Responding Defendants are without sufficient knowledge to admit or deny the allegations in this paragraph of Plaintiff's Complaint.

84.    Responding Defendants are without sufficient knowledge to admit or deny the allegations in this paragraph of Plaintiff's Complaint because it is not clear what is meant by "those representations."

---

[1] To the extent that the causes of action in the Second Amended Complaint are contradictory, Responding Defendants object to relief premised on the contradictory causes of action.

85. Responding Defendants are without sufficient knowledge to admit or deny the allegations in this paragraph of Plaintiff's Complaint because it is not clear what is meant by "those representations."

86. Denied.

87. Responding Defendants are without sufficient knowledge to admit or deny the allegations in this paragraph of Plaintiff's Complaint because it is not clear what is meant by "those representations."

88. Denied because it is not clear what is meant by "those representations" and because the Responding Defendants do not admit that any representations in general that they may have made were materially false.

89. Denied, except that upon information and belief, World Mission South Korea is not an IRS tax-exempt entity.

90. Denied.

91. Responding Defendants are without sufficient knowledge to admit or deny the allegations in this paragraph of Plaintiff's Complaint. Plaintiff is left to its proofs.

92. Admitted, however Responding Defendants note that the statement is made in the present tense and is therefore irrelevant to the allegations of past conduct.

93. Responding Defendants are without sufficient knowledge to admit or deny the allegations in this paragraph of Plaintiff's Complaint. Plaintiff is left to its proofs.

94. Denied.

95. Responding Defendants are without sufficient knowledge to admit or deny the allegations in this paragraph of Plaintiff's Complaint.

96. Denied.

1) Denied.

2) Denied.

3) Denied.

4) Denied.

5) Denied.

97.   Denied.

98.   Denied.

99.   Denied.

100.   Denied.

101.   Denied.

102.   Denied.

103.   Denied.

104.   Denied.

## CAUSE OF ACTION #2

## INTENTIONAL FRAUD BASED ON NONDISCLOSURES

**(Arising out of Failure to Disclose Identity of World Mission's Leadership and Beneficiaries of Charitable Donation)**

**(Against World Mission South Korea, World Mission New Jersey, Chang, Kim, Pastor, Lee, and Byrne)**

105.   Responding Defendants repeat the responses to the allegations of the Complaint as set forth above.

106.   Denied.

107.   Denied.

108.   Responding Defendants are without sufficient knowledge to admit or deny the allegations in this paragraph of Plaintiff's Complaint because it is not clear what "recruiters" mean.

109.   Responding Defendants are without sufficient knowledge to admit or deny the allegations in this paragraph of Plaintiff's Complaint because it is not clear what "recruiter" means.

110.   Responding Defendants are without sufficient knowledge to admit or deny the allegations in this paragraph of Plaintiff's Complaint because it is not clear what is meant by "persuade," nor is it clear why "church" is in quotations.

111.   Denied.

112.   Responding Defendants are without sufficient knowledge to admit or deny the allegations in this paragraph of Plaintiff's Complaint. Plaintiff is left to its proofs.

113.   Responding Defendants are without sufficient knowledge to admit or deny the allegations in this paragraph of Plaintiff's Complaint.

114.   Responding Defendants are without sufficient knowledge to admit or deny the allegations in this paragraph of Plaintiff's Complaint.

115.   Responding Defendants are without sufficient knowledge to admit or deny the allegations in this paragraph of Plaintiff's Complaint.

116.   Responding Defendants are without sufficient knowledge to admit or deny the allegations in this paragraph of Plaintiff's Complaint.

117.   Responding Defendants are without sufficient knowledge to admit or deny the allegations in this paragraph of Plaintiff's Complaint.

118.  Responding Defendants are without sufficient knowledge to admit or deny the allegations in this paragraph of Plaintiff's Complaint.

119.  Responding Defendants are without sufficient knowledge to admit or deny the allegations in this paragraph of Plaintiff's Complaint.

120.  Responding Defendants are without sufficient knowledge to admit or deny the allegations in this paragraph of Plaintiff's Complaint.

121.  Responding Defendants are without sufficient knowledge to admit or deny the allegations in this paragraph of Plaintiff's Complaint. Plaintiff is left to its proofs.

122.  Denied, further it is unclear why "church" is in quotations.

123.  Denied.

124.  Denied.

125.  Responding Defendants are without sufficient knowledge to admit or deny the allegations in this paragraph of Plaintiff's Complaint.

126.  Denied.

127.  Responding Defendants are without sufficient knowledge to admit or deny the allegations in this paragraph of Plaintiff's Complaint.

128.  Responding Defendants are without sufficient knowledge to admit or deny the allegations in this paragraph of Plaintiff's Complaint.

129.  Responding Defendants are without sufficient knowledge to admit or deny the allegations in this paragraph of Plaintiff's Complaint.

130.  Denied.

131.   Responding Defendants are without sufficient knowledge to admit or deny the allegations in this paragraph of Plaintiff's Complaint because it is not clear what is meant by "signed up" nor is it clear why "study lessons" is in quotations.

132.   Denied.

133.   Denied.

134.   Denied.

135.   Responding Defendants are without sufficient knowledge to admit or deny the allegations in this paragraph of Plaintiff's Complaint.

136.   Denied.

137.   Denied.

138.   Responding Defendants are without sufficient knowledge to admit or deny the allegations in this paragraph of Plaintiff's Complaint. Further, the underlying premise of this allegation is denied.

139.   Responding Defendants are without sufficient knowledge to admit or deny the allegations in this paragraph of Plaintiff's Complaint. Further, the underlying premise of this allegation is denied.

140.   Denied.

141.   Denied.

142.   Denied.

143.   Denied.

144.   Denied.

145.   Denied.

146.    Responding Defendants are without sufficient knowledge and information to admit or deny the allegations in this paragraph because the allegations of this paragraph call for a legal conclusion. Notwithstanding the foregoing, the underlying premise of this allegation is denied.

147.    Denied.

      1)  Denied.

      2)  Denied.

      3)  Denied.

      4)  Denied.

148.    Denied.

149.    Denied.

150.    Denied.

151.    Denied.

152.    Denied.

153.    Denied.

154.    Denied.

## CAUSE OF ACTION #3

## INTENTIONAL FRAUD BASED ON NONDISCLOSURES

**(Arising out of Fraud to Disclose That Charitable Donations Were Used to Create, Train, and Maintain Slave Labor)**

**(Against All Responding Defendants)**

155.   Responding Defendants repeat the responses to the allegations of the Complaint as set forth above.

156.   Denied.

157.   Denied.

158.   Denied.

159.   Denied.

160.   Denied.

161.   Denied.

162.   Denied.

163.   Denied.

164.   Denied.

165.   Denied.

166.   Denied.

167.   Denied.

168.   Denied.

169.   Denied.

1)   Denied.

2)   Denied.

3)   Denied.

    4)  Denied.

    5)  Denied.

    6)  Denied.

    7)  Denied.

    8)  Denied.

    9)  Denied.

170.   Denied.

171.   Denied.

172.   Denied.

173.   Denied.

174.   Denied.

175.   Denied.

176.   Denied.

177.   Denied.

## CAUSE OF ACTION #4

## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

**(Against World Mission South Korea, Chang, Kim, World Mission New Jersey, Pastor Lee, Bong Lee, Byrne and Lozada)**

178.   Responding Defendants repeat the responses to the allegations of the Complaint as set forth above.

179.   Responding Defendants are without sufficient knowledge and information to admit or deny the allegations in this paragraph because the allegations of this paragraph call for a legal conclusion.

180.   Denied.

    1)  Denied.

    2)  Denied.

    3)  Denied.

    4)  Denied.

    5)  Denied.

    6)  Denied.

    7)  Denied.

181.   Denied.

182.   Denied, as there was no extreme and outrageous conduct.

183.   Denied.

184.   Denied.

185.   Denied.

186.   Denied.

187.   Denied.

## CAUSE OF ACTION #5

## NEGLIGENCE

**(Against World Mission South Korea, Chang, Kim, World Mission New Jersey, Pastor Lee, Bong Lee, Byrne and Lozada)**

188.   Responding Defendants repeat the responses to the allegations of the Complaint as set forth above.

189.   Responding Defendants are without sufficient knowledge and information to admit or deny the allegations in this paragraph because the allegations of this paragraph call for a legal conclusion.

190.  Denied.

191.  Denied.

192.  Denied.

193.  Denied.

## CAUSE OF ACTION #6

## VICARIOUS LIABILITY

**(Against World Mission South Korea, Chang, Kim, World Mission New Jersey, Pastor Lee, Bong Lee, Byrne and Lozada)**

194.  Responding Defendants repeat the responses to the allegations of the Complaint as set forth above.

195.  Denied.

**WHEREFORE,** Responding Defendants respectfully request that Plaintiff's complaint be dismissed with prejudice and judgment be entered in Responding Defendants' favor.

## AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE

Plaintiff has failed to state claim upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff is not entitled to the relief it seeks because it would violate the Church Autonomy Doctrine and the Establishment and Free Exercise Clauses of the First Amendment to the United States Constitution.

## THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the applicable statutes of limitation.

## FOURTH AFFIRMATIVE DEFENSE

Responding Defendants are immune from liability because of the protections afforded by The Charitable Immunity Act, N.J.S.A. 2A:53A-7, *et seq.*

## FIFTH AFFIRMATIVE DEFENSE

Any damages allegedly sustained by Plaintiff were not the direct or proximate result of acts or omissions by Responding Defendants.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims are precluded under the Entire Controversy Doctrine.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff has failed to plead fraud with particularity.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrine of laches.

## NINTH AFFIRMATIVE DEFENSE

Responding Defendants did not make any material representations or omissions of a presently existing or past fact.

## TENTH AFFIRMATIVE DEFENSE

Responding Defendants did not intentionally, recklessly nor negligently direct extreme and outrageous conduct toward Plaintiff, therefore Responding Defendants did not proximately cause Plaintiff's emotional distress.

## ELEVENTH AFFIRMATIVE DEFENSE

Responding Defendants did not breach any duty owed to Plaintiff.

## TWELFTH AFFIRMATIVE DEFENSE

Responding Defendants did not commit any wrongful act against Plaintiff that would subject WMSCOGNJ to vicarious liability.

## THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because she did not suffer damages.

## FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred under the doctrine of collateral estoppel and res judicata.

## FIFTHTEENTH AFFIRMATIVE DEFENSE

Should an adjudication of negligence be made, the Responding Defendants should be absolved of liability because of Plaintiff's contributory negligence.

**NISSENBAUM LAW GROUP, LLC**
*Attorneys for Responding Defendants World Mission Society Church of God, a NJ Nonprofit Corporation; Dong Il Lee; Bong Hee Lee; Tara Whalen; Richard Whalen; Victor Lozada; Big Shine Worldwide, Inc.; Albright Electric, LLC; and Lincoln Grill & Café Limited Liability Company*

BY: ___s/ Steven L. Procaccini_____
       Steven L. Procaccini (SP-1044)

Dated: January 22, 2016