Not for Publication

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| MICHELLE RAMIREZ, *Plaintiff*, v. WORLD MISSION SOCIETY CHURCH OF GOD, A NJ NONPROFIT CORPORATION, *et al*, *Defendants*. | Civil Action No. 14-1708 (JMV) (JBC) **OPINION & ORDER** |

**John Michael Vazquez, U.S.D.J.**

This case comes before the Court on the motion to dismiss filed by Defendants World Mission Society Church of God, a NJ Nonprofit Corporation; Albright Electric LLC; Big Shine Worldwide, Inc.; Tara Byrne; Bong Hee Lee; Dong Il Lee; Lincoln Grill & Café Limited Liability Company; Victor Lozada; and Richard Whalen (collectively, "Defendants"). D.E. 99. Plaintiff was a member of the World Mission Society Church of God for six years. Plaintiff alleges that during her time with the church, she was financially defrauded and subjected to psychological harm and trauma, among other things. The Court reviewed the parties' submissions, and decided the motion without oral argument pursuant to Fed. R. Civ. P. 78(b) and L. Civ. R. 78.1(b). For the reasons set forth below, Defendants' motion is **DENIED**.

**I.    Background & Procedural History**

The following facts are taken from the Second Amended Complaint, D.E. 49, (hereinafter "Second Amended Complaint" or "SAC"). Plaintiff alleges that World Mission Society Church

of God New Jersey (hereinafter "World Mission New Jersey"), a not-for-profit corporation with its principal place of business in New Jersey, coerced her into joining the organization based on several false representations and nondisclosures. *Id.* at ¶¶ 3, 4, 7. World Mission Society Church of God South Korea (hereinafter "World Mission South Korea") is a for-profit corporation based in South Korea. *Id.* at ¶ 8. Plaintiff brings this action against World Mission New Jersey, World Mission South Korea, as well as several individuals and corporations who were allegedly involved in the wrongful conduct of World Mission New Jersey and World Mission South Korea. *Id.* at ¶¶ 7-18.

After facing significant pressure from World Mission New Jersey's recruiters, Plaintiff alleges that she eventually decided to join in the fall of 2006. *Id.* at ¶¶ 55, 117. Plaintiff alleges that during the recruitment process, the recruiters "actively concealed…the identity of the church's leader," and that had she known the identity of the leader (Defendant Chang), she would not have joined World Mission. *Id.* at ¶¶111, 125. According to Plaintiff, Defendants coerced her into donating ten percent of her income to the church based on misrepresentations that the money would be used for charitable purposes and that none of the money would be used to fund salaries. *Id.* at ¶¶ 81-88. Plaintiff alleges that the money donated to World Mission New Jersey (a tax-exempt corporation) was transferred to World Mission South Korea (a non-tax-exempt corporation), and was then used to compensate members of World Mission New Jersey. *Id.* at ¶¶ 89-94.

Plaintiff further alleges that the donations were "used to create, train, and maintain a slave labor force." *Id.* at ¶ 156. Plaintiff claims that World Mission New Jersey "indoctrinate[d]" its members to believe that they had to live a life of poverty, and that they "should commit to working long hours in service to [Defendant] Chang." *Id.* at ¶ 157. Rather

2

than being assigned work with the church, Plaintiff alleges that World Mission New Jersey put its members to work in for-profit companies where they made less than minimum wage. *Id.* at ¶ 158. Plaintiff also alleges that members of the church constantly threatened her, "coerced her to work" long hours with no pay, and "alienated her from her family and friends" in a concerted effort to brainwash her. *Id.* at ¶69. Plaintiff also claims that World Mission New Jersey told its members that they were not allowed to have children. *Id.* at ¶ 71. If members of World Mission New Jersey became pregnant, the leaders of the organization would allegedly instruct the members to get an abortion. *Id.* at ¶ 74. When Plaintiff got pregnant around 2010, she claims to have gotten an abortion in fear that she would no longer be in good standing with World Mission New Jersey. *Id.* at ¶¶ 75-76. Plaintiff alleges that this caused her to "experience severe emotional pain and mental anguish [which led] to a suicide attempt." *Id.* at ¶ 77.

Plaintiff has brought several claims against Defendants. Count I is for fraud based on false representations regarding the donations being used for charitable purposes. *Id.* at ¶¶78-104. Counts II and III are for fraud based on nondisclosures related to World Mission South Korea's leadership and its use of the money to maintain "slave labor[ers]." *Id.* at ¶¶ 105-155. Count IV is for intentional infliction of emotional distress. *Id.* at ¶¶ 178-187. Count V is for negligence. *Id.* at ¶¶ 188-193. Count VI is for vicarious liability against Defendants Chang, Kim, Lee, Lee, Byrne, and Lozada. *Id.* at ¶¶ 194-195.

Plaintiff filed her initial Complaint on March 18, 2014. D.E. 1. She filed an Amended Complaint on May 9, 2014. D.E. 7. Defendants filed a motion to dismiss on June 20, 2014, that was terminated by the Court on July 2, 2014. D.E. 11, 17. Defendants re-filed their motion to dismiss on July 11, 2014. D.E. 20. The motion was dismissed as moot, and the Court granted Plaintiff leave to file a Second Amended Complaint on March 23, 2015. Defendants re-filed

their motion to dismiss on March 18, 2015. D.E. 50. Plaintiff filed the Second Amended Complaint on April 24, 2015. D.E. 49. The Court terminated the motion to dismiss on November 13, 2015. D.E. 56. Defendants filed their Answer to the Second Amended Complaint on January 22, 2016. D.E. 59. Defendants filed the instant motion to dismiss on April 25, 2017. D.E. 99. Plaintiff filed her opposition on May 15, 2017. D.E. 100. Defendants replied on May 22, 2017. D.E. 101. With the permission of the Court, Plaintiff filed a sur-reply on May 30 2017. D.E. 102.[1]

## II. Standard of Review

Federal Rule of Procedure 12(b)(6)[2] permits a motion to dismiss "for failure to state a claim upon which relief can be granted[.]" For a complaint to survive dismissal under Rule 12(b)(6), it must contain sufficient factual matter to state a claim that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Further, a plaintiff must "allege sufficient facts to raise a reasonable expectation that discovery will uncover

---

[1] Brief in Support of Defendants' Motion to Dismiss Pursuant to FRCP 12(B)(6) for Failure to State a Claim Upon Which Relief May Be Granted, D.E. 99, hereinafter "Defendants' Brief" or "Def. Br.", Memorandum of Law in Opposition to Defendants' Motion to Dismiss on Behalf of Plaintiff Michelle Ramirez, D.E. 100, hereinafter "Opposition" or "Opp.", Reply Brief in Further Support of Defendants' Motion to Dismiss Pursuant to FRCP 12(B)(6) for Failure to State a Claim Upon Which Relief May Be Granted, D.E. 101, hereinafter "Reply Br.", Plaintiff's Letter Sur-Reply, D.E. 102, hereinafter "Sur Reply."

[2] Defendants filed an Answer to Plaintiff's SAC on January 22, 2016. D.E. 59. The more appropriate motion at this point in the case would have been for a judgment on the pleadings pursuant to Fed R. Civ. P. 12(c). *See Horizon Healthcare Services, Inc. v. Allied Nat. Inc.*, 2007 WL 1101435, at *3 (D.N.J. April 10, 2007) (stating that 12(c) motions are filed after the pleadings are closed, *i.e.* after the complaint and answer have been filed). However, the Court's analysis would be no different had Defendants brought their motion under 12(c). *Id.* The Court will instead cite to the 12(b)(6) standard as argued by Defendants.

4

proof of her claims." *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 789 (3d Cir. 2016). In evaluating the sufficiency of a complaint, district courts must separate the factual and legal elements. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-211 (3d Cir. 2009). Restatements of the elements of a claim are legal conclusions, and therefore, not entitled to a presumption of truth. *Burtch v. Milberg Factors, Inc.*, 662 F.3d 212, 224 (3d Cir. 2011). The Court, however, "must accept all of the complaint's well-pleaded facts as true." *Fowler*, 578 F.3d at 210. Even if plausibly pled, however, a complaint will not withstand a motion to dismiss if the facts alleged do not state "a legally cognizable cause of action." *Turner v. J.P. Morgan Chase & Co.*, No. 14-7148, 2015 WL 12826480, at *2 (D.N.J. Jan. 23, 2015).

**III. Analysis**

Defendants' argument is essentially that this Court *must* follow the non-precedential decision of the New Jersey Appellate Division in *Colón v. World Mission Society Church of God, et al.* 2016 WL 6994349 (App. Div. Nov. 29, 2016), hereinafter "*Colón* Decision." Def. Br. at 8-10. That case, which arose from a complaint filed by another former member of World Mission New Jersey for essentially the same conduct, was decided in the defendants' favor. *See Colón* Decision at *6. Defendants argue that because the current case was brought in federal court under the Court's diversity jurisdiction, this Court is bound to follow New Jersey substantive law, including the *Colón* decision. Def. Br. at 9. Thus, Defendants argue this Court's "analysis *must be under State of New Jersey* law relating to the Church Autonomy Doctrine, not federal law relating to the Bill of Rights." Reply Br. at 7 (emphasis in original). The Appellate Division in *Colón* ultimately agreed with the trial court judge who dismissed many of that plaintiff's claims under the First Amendment's Free Exercise Clause. U.S. Const. amend. I, *Colón* Decision at *2-4.

Plaintiff argues in her Opposition that Defendants' "church autonomy" defense is governed by the First Amendment of the United States, not the New Jersey, Constitution. Opp. at 3-4. Her Opposition lays out her arguments as they pertain to the First Amendment's "roadmap" for analysis under the Constitution's Free Exercise and Establishment Clauses, which the Appellate Division failed to do in *Colón*. *Id.* at 15-38. She further argues that she is entitled to discovery on the issue of whether World Mission New Jersey and World Mission South Korea is actually a "church" or is instead a commercial entity. *Id.* at 4-7.

Defendants' argument that the *Colón* decision controls is flawed. Non-precedential decisions of the New Jersey Appellate Division are not binding precedent under New Jersey law. *See* Pressler & Verniero, *Current N.J. Court Rules*, R. 1:36-3 (2018); *Badiali v. New Jersey Mfrs. Ins.*, 220 N.J. 544, 559 (2015); *Guido v. Duane Morris LLP*, 202 N.J. 79, 91 & n.4 (2010). Moreover, even if the Appellate Division opinion were precedential, this Court is not mandated to follow it. *Polizzi Meats, Inc. v. Aetna Life & Cas. Co.*, 931 F.Supp. 328, 340 (D.N.J. 1996) ("This court is guided, but not bound, by the rulings of the lower New Jersey appellate courts, which may provide 'indicia of how the state's highest court might decide' an issue.")

More fundamentally, the Appellate Division in *Colón* based its decision on *federal*, not state, constitutional law. *Colón* Decision at *2-4. This Court is not bound by any state court's interpretation of rights under the United States Constitution. *Erie R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938) (ruling that in diversity jurisdiction cases, "*[e]xcept in matters governed by the Federal Constitution* or by acts of Congress, the [substantive] law to be applied in any case is the law of the state." (emphasis added); *United States v. Bedford*, 519 F.2d 650, 654 & n. 3 (3d Cir. 1975) ("It is a recognized principle that a federal court is not bound by a state court's interpretation of federal laws."); *Chester v. Boston Scientific Corp.*, 2017 WL 751424, at *11 &

n.11 (D.N.J. Feb. 27, 2017). Only precedential decisions of the Supreme Court of the United States and the Court of Appeals for the Third Circuit (and in patent cases, the Federal Circuit) are binding on this Court. *See Barna v. Bd. of School Dirs. of Panther Valley School Dist.*, 877 F.3d 136, 142 (2017); *U.S. v. Smiley*, 40 Fed.Appx. 702, 709 (3d Cir. 2002); *Chavez-Rivas v. Olsen*, 207 F.Supp.2d 326, 330-31 (D.N.J. 2002); *LG Electronics, Inc. v. First Intern. Computer, Inc.*, 138 F.Supp.2d 574, 582 (D.N.J. 2001).

Defendants' entire legal theory is fatally flawed. This Court is not bound to follow a New Jersey court's interpretation of federal constitutional law. Defendants' motion to dismiss is therefore denied.

### IV. Conclusion

For the reasons stated above, and for good cause shown,

**IT IS** on this 5th day of April, 2018,

**ORDERED** that Defendants' motion to dismiss, D.E. 99, is **DENIED**.

John Michael Vazquez, U.S.D.J.