**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| MICHELLE RAMIREZ,<br><br>    Plaintiff,<br><br>v.<br><br>WORLD MISSION SOCIETY CHURCH OF GOD, A NJ NONPROFIT CORPORATION, et al.,<br><br>    Defendants. | Civil Action No. 14-1708 (JMV)<br><br>**OPINION AND ORDER** |

**CLARK, Magistrate Judge**

    **THIS MATTER** comes before the Court on a motion[1] by Plaintiff Michelle Ramirez ("Plaintiff") to compel the deposition of Defendant Joo Cheol Kim ("Kim"), the General Pastor of Defendant World Mission Society of God of South Korea ("World Mission South Korea"), and the President and a trustee of Defendant World Mission Society Church of God, a New Jersey nonprofit corporation ("World Mission New Jersey"). Dkt. No. 81. Although Kim and World Mission South Korea are named defendants, neither Kim nor World Mission South Korea have been individually served, nor have they appeared voluntarily in person or through counsel in this matter. Defendants World Mission New Jersey, Big Shine World Wide, Inc., Albright Electric, LLC, Lincoln Grill & Café, LLC, Dong Il Lee, Bong Hee Lee, Tara Bryne, Richard Whalen, and

---

[1] The present motion [Dkt. No. 81] was originally filed on December 5, 2016 but was administratively terminated without prejudice to its refiling after a decision on a then-forthcoming motion to dismiss [Dkt. No. 99] by the Hon. John Michael Vasquez, U.S.D.J. See Dkt. No. 95. The present motion was then reinstated by the Court on May 7, 2018. See Dkt. No. 111.

1

Victor Lozada (collectively "Defendants") oppose Plaintiff's motion to compel. Dkt. No. 84. For the reasons set forth below, Plaintiff's motion to compel [Dkt. No. 81] is **DENIED**.

I. BACKGROUND

As the parties are intimately familiar with the facts surrounding this matter, the Court will only address those relevant to the present motion.[2] This action arises from a Complaint filed by Plaintiff, a New York resident, claiming that World Mission New Jersey coerced her into joining the church based on several false representations and nondisclosures. See Dkt. No. 49, Second Amended Complaint ("Second Am. Compl."), ¶¶ 3,4,7. Plaintiff also claims that Defendants World Mission South Korea and Kim coerced her into donating ten (10) percent of her income to World Mission New Jersey based on the misrepresentation that the money would be used for charitable purposes and that none of the money would be used to fund salaries. Id. at ¶¶ 81-88. Plaintiff claims, however, that the money she donated to World Mission New Jersey was in fact transferred to World Mission South Korea (a South Korean for-profit corporation). See Id. at ¶¶ 89-94. The transferred funds were allegedly used to compensate members of World Mission New Jersey and World Mission South Korea, including Kim. See Id.

Discovery has since commenced in this matter, but there have been multiple discovery disputes between the parties. One such dispute involves Defendants' answers to written discovery served by Plaintiff. See Dkt. No. 81-1 at 5, Plaintiff's Brief in Support of Motion to Compel ("Br. in Supp."). Specifically, Plaintiff claims she served World Mission New Jersey with interrogatories, one of which directly asked if Kim had ever received compensation from the donations allegedly transferred from World Mission New Jersey to World Mission South Korea. See Id. According to Plaintiff, however, Defendants objected to answering this interrogatory by

---

[2] A factual background of this matter is set forth in the April 5, 2018 Opinion of Judge Vasquez. See Dkt. No. 107.

asserting "overly broad and vague, not reasonably calculated to lead to the discovery of admissible evidence" and "calls for information and/or documents outside Responding Defendants' possession, custody or control." See Id. Additionally, Plaintiff claims she served requests for document production seeking documents pertaining to compensation paid to World Mission New Jersey members, including Kim. See Id. at 7. Plaintiff asserts that World Mission has "refused to respond to any of those document requests, and is now in default of its discovery obligations." See Id. (sic)

Because of World Mission New Jersey's alleged "inability or unwillingness to provide discovery with respect to compensation paid to Kim . . . [,]" Plaintiff attempted to take the deposition of Kim. See Id. at 7. However, Plaintiff contends that when she served World Mission New Jersey with a notice to depose Kim, counsel for World Mission New Jersey refused to accept service of the notice, stating that he did not represent Kim. See Id. at 8. Plaintiff claims she again served counsel for World Mission New Jersey with a notice to take the deposition of Kim but indicated in her notice that Kim would be deposed in his capacity as President of World Mission New Jersey. See Id. at 9. Subsequently, an alleged conference call was held between counsel for Plaintiff and counsel for World Mission New Jersey, wherein counsel for World Mission New Jersey indicated that: (1) World Mission New Jersey was not obligated to produce Kim; (2) counsel has never even spoken to Kim; and (3) even if Kim were to be deposed, hypothetically, such deposition should be taken in South Korea, where Kim resides. See Id. at p 9-10.

Plaintiff has since filed the present motion to compel the deposition of Kim in order to inquire from Kim what his alleged compensation is and to explore "all other issues related to this case." See Id. at 10. Defendants filed their opposition to Plaintiff's motion, arguing inter alia, that Kim has not appeared in this case that Kim, has not been properly served, and that Plaintiff has no

3

right to designate the specific individual to be deposed on the behalf of World Mission New Jersey. See Dkt. No. 84, at 2, Defendants' Brief in Opposition of Plaintiff's Motion to Compel ("Br. in Opp.").

## II. LEGAL STANDARD

Under Federal Rule of Civil Procedure 30(b)(6), a party may, in its notice or subpoena, name as the deponent a public or private corporation, a partnership, an association, a governmental agency, or other entity, and must describe with reasonable particularity the matters for examination. Fed. R. Civ. P. 30(b)(6). The named organization must then designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on its behalf; and it may set out the matters on which each person designated will testify. Id. The persons designated must testify about information known or reasonably available to the organization. Id. As a representative of the named deponent, the testimony of a Rule 30(b)(6) witness is binding on the entity. See Sanofi-Aventis v. Sandoz, Inc., 272 F.R.D. 391, 393 (D.N.J. 2011) (citing Harris v. New Jersey, 259 F.RD. 89, 92 (D.N.J. 2007)); see also Resolution Trust Corp. v. S. Union Co., 985 F.2d 196, 197 (5th Cir. 1993) ("[T]he corporation appears vicariously through that agent.")).

All of discovery, however, including a Rule 30(b)(6) notice, is governed by Federal Rule of Civil Procedure 26. Rule 26 provides that:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1). Rule 26 is to be construed liberally in favor of disclosure, as relevance is a broader inquiry at the discovery stage than at the trial stage. Tele–Radio Sys. Ltd. v. De Forest

Elecs., Inc., 92 F.R.D. 371, 375 (D.N.J. 1981).  While relevant information need not be admissible at trial in order to grant disclosure, the burden remains on the party seeking discovery to "show that the information sought is relevant to the subject matter of the action and may lead to admissible evidence." Caver v. City of Trenton, 192 F.R.D. 154, 159 (D.N.J. 2000).  Upon a finding of good cause, a court may order discovery of any matter relevant to a party's claims, defenses, or the subject matter involved in the action. Bayer AG v. Betachem, Inc., 173 F.3d 188, 191 (3d Cir. 1999).  "Although the scope of discovery under the Federal Rules is unquestionably broad, this right is not unlimited and may be circumscribed." Id.  In fact, a Court may deny a discovery request if:

> After assessing the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues, the District Court finds that there exists a likelihood that the resulting benefits would be outweighed by the burden or expenses imposed as a consequence of the proposed discovery.

Salamone v. Carter's Retail, Inc., 2011 U.S. Dist. LEXIS 8425, *28 (D.N.J. Jan. 28, 2011) (citing Takacs v. Union County, 2009 U.S. Dist. LEXIS 87632, at *3 (D.N.J. Sept. 14, 2009)). "The purpose of this rule of proportionality is to guard against redundant or disproportionate discovery by giving the court authority to reduce the amount of discovery that may be directed to matters that are otherwise proper subjects of inquiry." Takacs, 2009 U.S. Dist. LEXIS 87632 at *3 (citing Bowers v. National Collegiate Athletic Assoc., 2008 U.S. Dist. LEXIS 14944, at *15 (D.N.J. Feb. 27, 2008)).

In addition, it is well-settled that Magistrate Judges have broad discretion to manage their docket and to decide discovery issues. See Gerald Chamales Corp. v. Oki Data Ams., Inc., 247 F.R.D. 453, 454, (D.N.J. Dec. 11, 2007) (citing Republic of Philippines v. Westinghouse Elec. Corp., 132 F.R.D. 384, 387 (D.N.J. 1990), aff'd, 949 F.2d 653 (3d Cir. 1991).  It is also well-settled that the issues regarding appropriate scope of discovery and the management of requests

for discovery generally are left to the sound discretion of the Court. Salamone, 2011 U.S. Dist. LEXIS 8425 at *5.

## III. DISCUSSION

In her motion to compel, Plaintiff argues that taking the deposition of Kim is relevant for the purposes of Rule 26. See Br. in Supp. at 10-11. In addition, Plaintiff claims that she has the right to designate Kim to testify on behalf of World Mission New Jersey Kim. See Id. at 12. In opposition, Defendants primarily argue that neither a subpoena nor a notice of deposition is sufficient to compel Kim to be deposed in this matter because he is a resident of South Korea. See Br. in Opp. at 10. Defendants further argue that Plaintiff does not have a right to designate Kim to testify on behalf of World Mission New Jersey because it is in World Mission New Jersey's decision to determine who is deposed on its behalf. See Id. at 15.

The Court finds that under Rule 30(b)(6) it is World Mission New Jersey who is responsible for designating a representative to be deposed on its behalf once the plaintiff has served proper notice. Moreover, the Court finds that the deposition of Kim, at this point, is not proportional to the present matter. And finally, the Court, in its discretion, finds that Plaintiff's motion to compel is premature. The Court shall address each of these points below.

### A. Designation of a Rule 30(b)(6) Witness

Plaintiff claims that under Rule 30(b)(6), it is Plaintiff's right to designate the corporate witness to be deposed on the behalf of World Mission New Jersey. See Br. in Supp. at 12-13. Plaintiff supports her position with caselaw from other districts. See Id. Defendants argue that Plaintiff does not have a right to designate a corporate witness to testify on the behalf of World New Jersey. See Br. in Opp. at 15. Rather, it is World Mission New Jersey who has the right to designate a corporate witness to testify on its behalf.

Although Plaintiff cites to caselaw she considers persuasive, this caselaw is non-binding on this Court and is, in fact, unpersuasive. Based upon this Court's reading of Rule 30(b)(6), once a corporation has received a proper deposition notice from the noticing party, it is the corporation, not the noticing party, that must designate a witness to be deposed on the corporation's behalf. See Fed. R. Civ. P. 30(b)(6). Rule 30 (b)(6) clearly states that "a party may name as the deponent a public or private corporation . . . and must describe with reasonable particularity the matters for examination. The named organization must then designate one or more officers . . . who consent to testify on its behalf." (emphasis added)). Multiple courts in this district have upheld this reading of Rule 30(b)(6). See, e.g., N.J. Dep't of Envtl. Prot. v. Am. Thermoplastics Corp., 2017 U.S. Dist. LEXIS 16743, *46-47, (D.N.J. February 7, 2017) ("It is well established that for a Rule 30(b)(6) witness '[a] corporation has an affirmative duty to produce a representative who can answer questions that are within the scope of the matters described in the notice.'"); see also Sanofi-Aventis, 272 F.R.D. at 393 (explaining that "Rule 30(b)(6) permits a party to name a 'public or private corporation [,] . . .' as a deponent so long as the notice describes the matters for examination 'with reasonable particularity[,]' . . . the entity must designate one or more individuals to testify on its behalf.").

Moreover, it seems to the Court that Plaintiff has failed to comply with Rule 30(b)(6). Nowhere in her briefing has Plaintiff indicated that she described within her notice to World Mission New Jersey with reasonable particularity the matters for examination so that World Mission New Jersey might designate a proper witness to be deposed. Rather, Plaintiff simply noticed World Mission New Jersey that she intended to take the deposition of Kim. See Br. in Supp. at 9. If she intended to depose Kim as a representative of World Mission New Jersey, as she now contends, Plaintiff should have described with reasonable particularity the matters upon

7

which she wished to question him. More specifically, Plaintiff should have listed precisely the "other issues related to this case[,]" she wished to inquire about. Then. in turn, under Rule 30(b)(6), World Mission New Jersey would be bound to designate a witness to testify on these subjects. Yet Plaintiff failed to do so, and her deposition notice is therefore fatally defective.

**B. Proportionality of Kim's Deposition to this Present Matter**

Plaintiff argues that the deposition of Kim, for the purposes of Rule 26, is relevant and proportional to the present matter. Plaintiff claims it is "vital" to depose Kim regarding his alleged compensation received from World Mission New Jersey. See Br. in Supp. at 11. Moreover, Plaintiff claims that in order to determine if there is fraud or not on the part of World Mission New Jersey, the deposition of Kim "is necessary to make that determination." See Id. Plaintiff also requests that the deposition of Kim take place at World Mission New Jersey's principal place of business in Ridgewood, New Jersey. See Id. at 16. Defendants did not address Plaintiff's argument regarding proportionality in their briefing submitted to the Court.

The Court finds that Plaintiff's request is not proportional to the needs and demands of the present matter at this juncture. First, as the parties are well aware, Kim resides in South Korea. In the spirit of Rule 26, it is not proportional, at this time, to the needs and demands of this matter to require Kim to fly to the United States simply to be deposed by Plaintiff, especially when there are other potential witnesses in this country who can be designated and deposed. See Salamone, 2011 U.S. Dist. LEXIS 8425, *28 ("The purpose of this rule of proportionality is to guard against . . . disproportionate discovery by giving the court authority to reduce the amount of discovery that may be directed to matters that are otherwise proper subjects of inquiry."). In her Complaint, Plaintiff alleges that there are other members of World Mission New Jersey that are residents of New Jersey. See Second Am. Compl. ¶¶ 14-18. Certainly, after proper notice, World Mission

8

New Jersey could and should make one or more of these members available for Plaintiff's requested depositions.

Moreover, Kim is the President of World Mission New Jersey, surely there are lesser ranking officers and/or members who could be designated to be deposed concerning Plaintiff's inquires. In fact, some of these lesser ranking officers and/or members are individual defendants in this matter. See Second Am. Compl. ¶¶ 14-18. These defendants can be noticed and deposed independently by Plaintiff, without even going through World Mission New Jersey. See Fed. R. Civ P. 30(a)(1) ("A party may, by oral questions, depose any person, including a party, without leave of court." (emphasis added)). For example, Defendant Bong Hee Kim a/k/a Bong Lee is the accountant/treasurer and an alleged trustee of World Mission New Jersey. See Second Am. Compl. ¶15 and Defendants' Answer to Plaintiff's Second Amended Complaint, ¶15. Moreover, Plaintiff assures that Lee is a New Jersey resident. See Second Am. Compl. ¶15. The Court is confident that Plaintiff could, at a minimum, begin with Lee, and depose her on the very subjects Plaintiff wishes to depose Kim. Because Plaintiff has a host of alternatives to Kim's deposition, her request to depose Kim is not proportional to the current needs and demands of this matter.

**C. The Court's Discretion in Ruling on a Motion to Compel**

As stated previously, the Court has broad discretion in deciding discovery issues as well as in determining the appropriate scope of discovery in a matter. See Gerald, 247 F.R.D. at 454; see also Salamone, 2011 U.S. Dist. LEXIS 8425 at *5. Deciding Plaintiff's present motion to compel falls within the Court's discretion. It is up to the Court to decide whether it is appropriate to have Kim deposed at this juncture and the Court finds that it is not. Again, Plaintiff has the ability to notice World Mission New Jersey with reasonable particularity concerning the matters she wishes to explore and World Mission New Jersey would be bound to designate a corporate witness to be

deposed on its behalf. See Fed. R. Civ. P. 30(b)(6). In addition, Plaintiff has the ability to independently notice and depose individual defendants in this matter, regarding these very same subjects, without World Mission New Jersey's oversight. See Fed. R. Civ P. 30(a)(1). In fact, as previously noted by the Court, one of these defendants is the accountant and an alleged trustee of World Mission New Jersey. Because these options are readily available to Plaintiff, the Court, in its sound judgment and discretion, finds that compelling the deposition of Kim is premature. The Court need not address the parties' additional arguments.

**IV. CONCLUSION AND ORDER**

The Court having considered the papers submitted pursuant to Fed. R. Civ. P. 78, and for the reasons set forth above;

**IT IS** on this 10th day of April, 2019,

**ORDERED** that Plaintiff's motion to compel the deposition of Kim [Dkt. No. 81] is **DENIED.**

s/ James B. Clark, III
**JAMES B. CLARK, III**
**United States Magistrate Judge**