NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| MICHELLE RAMIREZ,<br><br>Plaintiff,<br><br>v.<br><br>WORLD MISSION SOCIETY, CHURCH OF GOD, A NJ NONPROFIT CORPORATION, et al.,<br><br>Defendants. | Civil Action No. 14-01708<br><br>**OPINION & ORDER**<br><br>December 3, 2024 |

**SEMPER**, District Judge.

**THIS MATTER** comes before the Court on Defendants World Mission Society Church of God New Jersey ("World Mission New Jersey"), Tara Whalen ("Byrne"), Richard Whalen ("Whalen"), Dong Il Lee ("Pastor Lee"), Bong He Lee ("Bong Lee"), Victor Lozada ("Lozada"), Albright Electric LLC, Lincoln Grill and & Café LLC, and Big Shine Worldwide, Inc.'s Rule 60(a) Motion. (ECF 292.) Plaintiff Michelle Ramirez entered a letter on the docket with "no objection." (ECF 294.) The Court has decided this motion upon the submissions of the parties, without oral argument, pursuant to Federal Rule of Civil Procedure 78 and Local Rule 78.1. For the reasons stated below, Defendants' Motion is **DENIED**.

**WHEREAS** this action arises from Plaintiff Michelle Ramirez's action against World Mission New Jersey, World Mission Society Church of God South Korea ("World Mission South Korea"), Gil Jah Chang ("Chang"), Joo Cheol Kim ("Kim"), Pastor Lee, Bong Lee, Byrne, Whalen, Lozada, Big Shine Worldwide, Inc., Albright Electric LLC, and Lincoln Grill & Café LLC. Plaintiff alleges that World Mission New Jersey, a not-for-profit corporation with its

principal place of business in New Jersey, coerced her into joining the organization and subsequently harmed her. (ECF 49, SAC ¶¶ 3-4, 7.) Plaintiff brought several claims against Defendants. Count I is for fraud based on false representations regarding the donations being used for charitable purposes. (*Id*. ¶¶ 78-104.) Counts II and III are for fraud based on nondisclosures related to World Mission South Korea's leadership and its use of the donated funds to maintain "slave labor[ers]." (*Id.* ¶¶ 105-77.) Count IV is for intentional infliction of emotional distress. (*Id*. ¶¶ 178-87.) Count V is for negligence. (*Id*. ¶¶ 188-93.) Count VI is for vicarious liability against Defendants Chang, Kim, Pastor Lee, Lee, Byrne, and Lozada. (*Id*. ¶¶ 194-95); and

**WHEREAS** Defendants filed a motion for summary judgment on October 27, 2023. (ECF 271, MSJ.) Plaintiff filed her opposition on December 18, 2023. (ECF 277, Opp.) Defendants filed a reply brief on January 2, 2024. (ECF 283, Reply.) The Court entered an Opinion and Order on April 1, 2024 granting-in-part and denying-in-part Defendant's motion for summary judgment. (ECF 289, "April Opinion"; ECF 290 "Order.") On June 3, Defendants' filed their motion pursuant to Rule 60(a). (ECF 292.) Plaintiff entered a letter in response. (ECF 294); and

**WHEREAS** pursuant to Federal Rule of Civil Procedure 60(a), a court may on its own or by motion "correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record." Fed. R. Civ. P. 60(a). Rule 60(a) is intended only for "mindless and mechanistic mistakes, minor shifting of facts, and no new additional legal perambulations." *Gutierrez v. Johnson & Johnson*, 743 F. Supp. 2d 418, 422 (D.N.J. 2010) (quoting *Pfizer Inc. v. Uprichard*, 422 F.3d 124, 130 (3d Cir. 2005)). Clerical errors and mistakes in copying or computation, not matters that affect parties' substantive rights or require legal research or deep-dives into facts, may be addressed under Rule 60(a). *Id.*; *see also Taylor v. Vineland Dev. Sch.*, 532 F. App'x 93, 94 n.2 (3d Cir. 2013) (finding that the district court

2

was without authority to enter the orders because they impacted the parties' rights and were therefore outside the scope of Rule 60(a)); and

**WHEREAS** Defendants request modification of the Court's April 1 Order to change all dismissals "without prejudice" to dismissals "with prejudice." (ECF 292 at 3.) However, this request goes beyond the scope of Rule 60(a). "The relevant test for the applicability of Rule 60(a) is whether the change affects substantive rights of the parties and is therefore beyond the scope of Rule 60(a) or is instead a clerical error, a copying or computational mistake, which is correctable under the Rule." *Pfizer*, 422 F.3d at 130. "It is only mindless and mechanistic mistakes, minor shifting of facts, and no new additional legal perambulations which are reachable through Rule 60(a)." *Id*. Defendants are not asking for a minor correction of the order; they specifically seek to modify "the finality of judgments entered . . ." (ECF 292 at 2.) This Court explicitly noted that the sufficiency of the claims had not been previously assessed. (April Opinion at 7.) Accordingly, the Court's dismissals without prejudice were intentional.[1]

Accordingly, **IT IS** on this 3rd day of December, 2024,

**ORDERED** that Defendant's motion pursuant to Rule 60(a) (ECF 292) is hereby **DENIED**.

**SO ORDERED.**

/s/ Jamel K. Semper
**HON. JAMEL K. SEMPER**
**United States District Judge**

Orig: Clerk
cc: James B. Clark, U.S.M.J.
Parties

---

[1] Plaintiff may opt to seek leave to file an amended complaint pursuant to the Court's April Opinion and Order. Given Plaintiff's response on the docket, the parties may also opt to file a joint stipulation to dismissing the claims at issue "with prejudice" and proceed to trial on the remaining claims. (*See* ECF 294.)