**PAUL S. GROSSWALD, ESQ., LLC**
*Attorney at Law*

**98 West End Avenue**  Phone: (917) 753-7007
**Summit, NJ 07901**   Fax: (551) 301-1836
                      pgrosswald@hotmail.com
**777 Westchester Ave., Ste. 101**
**White Plains, NY 10604**   *Admitted in NJ & NY*

March 19, 2025

**VIA CM/ECF**
Hon. James B. Clark
United States District Court for the District of New Jersey
50 Walnut Street, Courtroom 2060
Newark, NJ 07102

    Re:    <u>Ramirez v. World Mission New Jersey, *et al.*</u>,
            Docket No. 2:14-cv-01708 (District of New Jersey)

Dear Judge Clark:

      I represent Plaintiff Michelle Ramirez in the above-referenced matter. I am writing in response to the March 14, 2025 letter filed by Mr. Procaccini [ECF 306], and the Court's responsive letter order dated March 18, 2025 [ECF 307]. In Mr. Procaccini's letter, he claimed that the parties have not negotiated or filed a pretrial submission because I had "neither (1) initiated any meet-and-confer on this issue, nor (2) responded to Defendants' repeated requests regarding same." Mr. Procaccini's assertion is grossly distorted and unfair.

      In light of the summary judgment ruling that was issued on April 1, 2024 [ECF 290], which substantially altered the viability of Plaintiff's case, Plaintiff has decided not to proceed with her remaining claims. Rule 41 states that once the Defendants have filed an answer or a motion for summary judgment, a Plaintiff may only voluntarily dismiss the case by court order, or by stipulation of dismissal signed by all parties who have appeared. In this case, there are nine Defendants who have appeared, currently represented by three different law firms. Six Defendants have been dismissed on summary judgment, but those dismissals are without prejudice. Each Defendant has filed both an answer and a motion for summary judgment. Thus, Plaintiff cannot dismiss the case on her own.

      I have been actively seeking the cooperation of Defendants to bring this case to a close. I informed Defendants' counsel over three months ago of Plaintiff's desire to dismiss the case. Since then, I have had extensive discussions with Mr. Procaccini regarding some ancillary issues that we thought might be amenable to resolution prior to dismissal. Thus, it is not true that I was unresponsive to Mr. Procaccini. Mr. Procaccini knew that the reason that Plaintiff was not working on a pretrial submission was because she was seeking to dismiss the case.

      In my most recent conversation with Mr. Procaccini this morning, he informed me that he will be reaching out to his clients as well as co-counsel to see if Defendants will consent to signing a stipulation of dismissal. If Defendants do not consent, I intend to file a motion for voluntary dismissal.

      Therefore, I respectfully request that Your Honor stay all deadlines in this case for at least thirty days to allow time for the lawyers to gather signatures for a stipulation of dismissal, or alternatively, to allow Plaintiff time to file a motion for voluntary dismissal.

      I recognize that I should have communicated with the Court regarding the status of this matter prior to the March 13, 2025 deadline for filing the proposed pretrial order. I apologize for that oversight. Thank you for your consideration of this matter.

                                       Sincerely,

                                         PAUL S. GROSSWALD

cc via ECF:    All Defendants' counsel